**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MOHAMAD NOURI, | |
| Plaintiff, | CIVIL ACTION NO. 4:10-cv-00934-JEJ |
| v. | |
| PENNSYLVANIA STATE UNIVERSITY, RODNEY ERICKSON, MARY HINES, JEFFREY SENESE, GARY MULLEN, ROBERT SECOR, MARTY SLANN, and JAMES HORNE, | |
| Defendants. | |

## ORDER

AND NOW, this _____ day of _____, 2011, it is hereby

**ORDERED** that the Defendants' Motion to Dismiss Plaintiff's Amended

Complaint is hereby **GRANTED**. The Complaint is hereby **DISMISSED WITH**

**PREJUDICE,** in its entirety, as against all Defendants.   It is so Ordered.


BY THE COURT:


_____
                                          J.

7030883v.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MOHAMAD NOURI,<br>　　　　　　Plaintiff,<br>　v.<br><br>PENNSYLVANIA STATE UNIVERSITY,<br>RODNEY ERICKSON, MARY HINES,<br>JEFFREY SENESE, GARY MULLEN,<br>ROBERT SECOR, MARTY SLANN, and<br>JAMES HORNE<br>　　　　　　Defendants. | CIVIL ACTION NO. 4:10-cv-00934-JEJ |

## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT

Defendants Pennsylvania State University, Rodney Erickson, Mary Hines, Jeffrey Senese, Gary Mullen, Robert Secor, Marty Slann, and James Horne, by their undersigned counsel, move this Court pursuant to F.R.C.P. 12(b)(6) for an Order dismissing Plaintiff's Amended Complaint, with prejudice, and in support thereof aver as follows. Further support for this motion will be set forth in the Brief to be filed in accordance with L.R. 7.5.

1.　　On August 6, 2010, Defendants, PSU, Rodney Erickson, Mary Hines, Jeffrey Senese, Gary Mullen, Robert Secor, and Marty Slann filed a Motion to Dismiss Plaintiff's Complaint on the grounds, *inter alia,* that the statute of limitations had long since expired on certain claims, the Complaint failed to state any plausible cause of action against them, and

that Plaintiff had failed to exhaust administrative remedies with respect to the individually named Defendants.  (Doc. 7).

2.    On August 6, 2010, Defendant Jim Horne filed a Motion to Dismiss Plaintiff's Complaint on the grounds, *inter alia,* that the statute of limitations had long since expired, he was not a state actor, that Plaintiff had failed to exhaust administrative remedies with respect to him,  and the Complaint failed to state any plausible cause of action against him. (Doc. 9).

3.    This Court issued a Memorandum and Order dated November 24, 2010 granting Defendants' Motions in part. (Doc. 35).  Counts III, IV, V, and VI were dismissed with prejudice as against all Defendants, with no leave to amend.   Plaintiff was granted leave to file an Amended Complaint in order to more adequately plead certain claims.

4.    Plaintiff filed an Amended Complaint on December 6, 2010 (Doc. 37).  However, Plaintiff's Amended Complaint remains legally deficient. While this Court has granted Plaintiff the opportunity to more adequately plead a cause of action under Title VII and Section 1981, and to plead conduct by the individual PSU Defendants that would extend the statute

of limitations under Section 1981 beyond April, 2008, Plaintiff has failed to do so.

### *Plaintiff's Amended Complaint Fails to Adequately Plead a Title VII claim.*

5. Defendants file this Motion to Dismiss pursuant to F.R.C.P. 12(b)(6). The Federal Rules of Civil Procedure mandate dismissal of complaints which fail to state a claim upon which relief can be granted.  <u>Manuel v. City of Philadelphia</u>, 2010 WL 3566767 at *3 (E.D. Pa. 2010).

6. Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

7.   In determining whether a claim survives a Rule 12(b)(6) motion to dismiss, the court must separate the factual and legal elements of the claim, accepting well-pleaded facts as true, but disregarding legal conclusions.  <u>Manuel</u>, 2010 WL 3566767 at *3, *citing* <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009).  Next, the court is to determine whether the facts alleged in the complaint are sufficient to show a plausible claim for relief.  <u>Id.</u>

7030883v.1

8.     This Court ruled that Plaintiff's first Complaint failed to adequately plead a claim under Title VII against PSU.  Specifically, this Court ruled that Plaintiff's allegations concerning Defendants' allegedly discriminatory conduct, including the emails, were insufficient to give rise to an inference of discrimination related to the reason for his termination.  Memorandum and Order, Doc. 35, p. 9.  Accordingly, Plaintiff's claim for disparate treatment under Title VII was dismissed, with leave to amend.

9.     Plaintiff's Amended Complaint does not plead new information beyond the insufficient allegations from his first Complaint.  Instead, Plaintiff merely re-hashes the legally insufficient allegations from his first Complaint.  Therefore, Plaintiff's Amended Complaint fails to adequately plead the fourth element of his Title VII claim, a relationship between the circumstances giving rise to an inference of discrimination and his termination.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

10.    This Court also ruled that Plaintiff's first Complaint failed to adequately plead a retaliation claim under Title VII against PSU.  Specifically, this Court ruled that Plaintiff failed to plead facts demonstrating that the alleged retaliatory animus he experienced was

causally connected to his adverse employment action.  Memorandum and Order, Doc. 35, p. 14.

11.     While this Court granted Plaintiff leave to file an Amended Complaint, in order to "aver more particularized facts raising his right to relief above the speculative level," he has failed to do so.

12.     Moreover, the facts alleged in Plaintiff's Amended Complaint largely relate to conduct that was already litigated, or could have been litigated, in Plaintiff's prior lawsuits, and are therefore barred by the doctrine of res judicata.

13.     In addition, in the Amended Complaint Plaintiff has failed to adequately plead the elements of a cause of action of hostile work environment.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Instead, he merely alleges a hostile work environment in a conclusory fashion.  Therefore, Plaintiff's Title VII claim is legally insufficient, and should be dismissed.

**_Defendant PSU was already dismissed as a Defendant as to Count 2, Section 1981._**

14.     This Court granted Defendant PSU's Motion to Dismiss Count 2 of the Complaint alleging violation of §1981.  This Court relied on

<u>McGovern v. City of Philadelphia</u>, in which the Third Circuit ruled that public employers cannot be sued under §1981 because "the express cause of action for damages created by §1983 constitutes the exclusive federal remedy for violation of the rights guaranteed by §1981 by state governmental units." 554 F.3d 114, 121 (3d Cir. 2009). Memorandum and Order, Doc. 35, pp. 19-20. No leave to amend was granted with respect to the dismissal of Plaintiff's § 1981 claim as against Defendant PSU.

15.     Notwithstanding the dismissal of Count 2 of the Complaint against PSU, Plaintiff nevertheless names Defendant PSU as a Defendant as to Count 2 in his Amended Complaint. Plaintiff's §1981 claim against PSU has already been dismissed with no leave to amend, and therefore PSU is not a proper party to Count 2.

### *Plaintiff Has Failed to Allege a Cause of Action for Racial Discrimination under Section 1981.*

16.     This Court ruled that Count 2 of Plaintiff's Complaint alleging violation of §1981 was inadequate as to the individual Defendants because Plaintiff failed to adequately plead facts alleging discrimination on the basis of race, as opposed to national origin or religion. Memorandum and Order, Doc. 35, p. 21.

7030883v.1

17.   This Court granted Plaintiff leave to file an Amended Complaint to more adequately plead a cause of action under § 1981 on the basis of race discrimination as to the individual PSU Defendants and James Horne, Esq.  However, Plaintiff has failed to do so.

18.   This Court ruled that Plaintiff's allegation in his first Complaint that he is a "Muslim from Iran" was inadequate to plead a cause of action under §1981 for race discrimination.

19.   While Plaintiff has filed an Amended Complaint, his Amended Complaint fails to allege facts demonstrating that the individual Defendants discriminated against him on the basis of his race.  Plaintiff has not alleged any facts demonstrating discriminatory animus on the basis of Plaintiff's race, as distinct from his religion and/or national origin.  Instead, to the extent any new facts are plead in the Amended Complaint, the information relates solely to Plaintiff's religion and/or national origin.  *See*, *e.g.*, Para. 36, 37 of Plaintiff's Amended Complaint, referring to Plaintiff as "dangerous religious radical" and references to "Allah."

20.   To state a claim under §1981, a plaintiff must allege: (1) that he belongs to a racial minority, (2) an intent to discriminate on the basis of

7030883v.1

race by the defendants, and (3) discrimination concerning one or more of the activities enumerated in §1981.  <u>Herring v. Chichester School Dist.</u>, 2007 WL 3287400 at *10 (E.D. Pa. 2007).

21.  Section 1981 "can be violated only by purposeful discrimination." <u>Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania</u>, 458 U.S. 375 (1982).

22.  In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts showing purposeful racial discrimination.  Plaintiff's Amended Complaint fails to plead any facts showing intentional racial discrimination by any of the individual defendants, including James Horne.

23.  Individuals may be held liable under §1981 only if they are involved *personally* in acts of discrimination.  <u>Al-Khazraji v. St. Francis Coll.</u>, 784 F.3d 505, 518 (3d Cir. 1986), <u>Johnson v. Resources for Human Development</u>, 843 F. Supp. 974, 978-9 (E.D. Pa. 1994)("a claim seeking to impose personal liability under Section 1981 must be predicated on the actor's personal involvement and there must therefore be some affirmative link to causally connect the actor with the discriminatory action."); <u>Clinkscales v. Children's Hospital of Philadelphia</u>, 2009 WL 1259104 at *5 (E.D. Pa. 2009).

24.     Vague, conclusory allegations of purported discrimination against individual defendants under §1981 are insufficient to survive a Rule 12(b)(6) motion.  <u>Clinkscales</u>, 2009 WL 1259104 at *5.

25.     Plaintiff's Amended Complaint fails to allege any facts demonstrating that <u>any</u> of the individually named PSU Defendants or James Horne personally engaged in discriminatory conduct against Plaintiff based on his race.  On the contrary, Plaintiff's Amended Complaint only makes blanket allegations against "Defendants" as a whole, without containing any specific allegations of personal involvement by the individually  named Defendants. This is insufficient to set forth an adequate claim under Section 1981 for individual liability.

***Plaintiff's Section 1981 Claims are Barred by the Statute of Limitations.***

26.     This Court also ruled that Plaintiff's claim under Section 1981 is barred by the four year statute of limitations.  However, the Court did grant Plaintiff leave to amend his Complaint to allege facts against the individual Defendants, including James Horne, demonstrating continuing discriminatory conduct beyond April, 2008 to render Plaintiff's §1981 claims timely filed.

-9-

27.     However, Plaintiff's Amended Complaint fails to allege conduct by any of the individual Defendants within the statute of limitations.  While Plaintiff's Amended Complaint contains a few references to certain alleged conduct including the dates the alleged conduct occurred, these allegations do not refer to conduct that took place within the four year statute of limitations.

28.     To the extent that any conduct is alleged that allegedly occurred within the statute of limitations, such allegations do not contain any reference to personal involvement by any of the individual Defendants, and thus these allegations are not adequate to plead a claim under Section 1981.  <u>Johnson v. Resources for Human Development</u>, 843 F. Supp. 974, 978 (E.D. Pa. 1994)("Noticeably absent from the complaint in this case are *any* allegations that either of the individual defendants were personally involved with or engaged in the alleged discriminatory actions….   Inasmuch as there is thus no affirmative link to causally connect these defendants with the actions complained of, defendants' motion to dismiss the individual defendants from Count I must be granted").

29.     Because Plaintiff was already given an opportunity to file an Amended Complaint, his failure to adequately plead a claim under Title VII and Section 1981 should result in the dismissal of his Amended Complaint, with prejudice.

30.     Further support for Defendants' Motion to Dismiss will be set forth in Defendants' Brief to be filed in accordance with L.R. 7.5.

**WHEREFORE**, Defendants respectfully request that their Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) be granted and that Plaintiff's Amended Complaint be dismissed, with prejudice.


Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By:    /s/ Debbie Rodman Sandler
       Debbie Rodman Sandler (PA 41053)
       Tanya A. Salgado (PA 78604)
       1650 Market Street, Suite 1800
       Philadelphia, PA 19103-7395
       215-864-6203/6368
       215-789-7603/7671 (fax)
       sandlerd@whiteandwilliams.com
       salgadot@whiteandwilliams.com
Dated: December 20, 2010    Attorneys for Defendants

7030883v.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MOHAMAD NOURI, | CIVIL ACTION NO.  4:10-cv-00934-JEJ |
| Plaintiff, | |
| v. | |
| PENNSYLVANIA STATE UNIVERSITY, RODNEY ERICKSON, MARY HINES, JEFFREY SENESE, GARY MULLEN, ROBERT SECOR, MARTY SLANN, and JAMES HORNE | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Tanya A. Salgado, Esq., do hereby certify that on this 20th day of December, 2010, I caused a true and correct copy of the foregoing Defendants' Motion to Dismiss Plaintiff's Amended Complaint to be served, by means of the electronic filing system of the United States District Court for the Middle District of Pennsylvania, upon the following counsel of record:

Frank J. Conley, Esq.
The Conley Firm
7715 Crittenden Street, Suite 113
Philadelphia, PA 19118

 /s/ Tanya A. Salgado
TANYA A. SALGADO