# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOHAMAD NOURI,<br>           Plaintiff,<br><br>     v.<br><br>PENNSYLVANIA STATE UNIVERSITY, RODNEY ERICKSON, MARY HINES, JEFFREY SENESE, GARY MULLEN, ROBERT SECOR, MARTY SLANN, and JAMES HORNE,<br>           Defendants | CIVIL ACTION NO.   4:10-cv-00934-JEJ |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

**I.     INTRODUCTION**

Defendants, Pennsylvania State University, Rodney Erickson, Mary Hines, Jeffrey Senese, Gary Mullen, Robert Secor, Marty Slann, and James Horne, by their undersigned counsel, hereby submit this Reply Brief in further support of their Motion to Dismiss Plaintiff's Amended Complaint.

Despite the clear instruction of this Court regarding the deficiencies in his Complaint and the need to plead sufficient facts regarding his Title VII and Section 1981 claims, Plaintiff has still failed to make factual allegations, as opposed to legal conclusions, in his Amended Complaint.  In this regard, Plaintiff's answer to the *Iqbal* issue is to cite cases that pre-date the *Iqbal* decision (in some instances by decades) and to once again offer vague fact-free conclusory allegations against

7239855v.1

the "defendants" as a whole instead of identifying any actions undertaken by any of them individually. Plaintiff offers no response to Defendants' legal arguments which establish that such allegations are not sufficient to withstand a Rule 12(b)(6) motion regarding a Title VII or Section 1981 claim. With respect to the untimeliness issue, Plaintiff continues to reiterate his argument that his claim should be subject to equitable estoppel, despite the fact that this Court specifically rejected that argument in the Memorandum Opinion dismissing his Section 1981 claim, and despite the fact that the basis for his equitable estoppel argument --that he "did not know" that he could have had claims under § 1981 -- is patently false. It is inexcusable for Plaintiff to ignore the record and continue to press an argument he can have no good faith basis to believe has merit.

## II. ARGUMENT

### A. Plaintiff still has failed to identify any actions by Defendants that would satisfy the *Iqbal* standard for pleading.

Plaintiff's Response to Defendants' Motion fails to take into account the procedural posture of this matter: Plaintiff's Title VII and Section 1981 claims were dismissed, albeit with leave to amend. In order for these claims to survive, it was up to Plaintiff to plead sufficient allegations to set forth a plausible claim. Instead of identifying a factual basis for his legal conclusions, Plaintiff repeatedly accuses Defendants of arguing that he should "produce documentary evidence." The obvious problem with this argument is that it is not true; not once in

Defendants' Memorandum of Law is it argued or even suggested that Plaintiff should be producing "documentary evidence." Plaintiff's decision to set up a straw man based on an argument that Defendants never even made is indicative of the lack of credibility he brings to this matter.

Notwithstanding Plaintiff's baseless argument, it is clear that Defendants' argument is not based on any "failure to produce documentary evidence," but is rather based on this Court's clear instructions as to the necessary factual information that was lacking in Plaintiff's original Complaint, and the fact that Plaintiff's Amended Complaint fails to allege a plausible claim as required under *Iqbal/Twombly*.

Instead of identifying any specific factual allegations against any of the Defendants with respect to his claims, Plaintiff offers nothing more than the very type of legal conclusions rejected by the Supreme Court in *Iqbal.* Contrary to Plaintiff's assertions, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Plaintiff still has not offered any set of facts (as opposed to legal conclusions) that could support any of the remaining claims (Counts 1 and 2) against Defendants.

Instead, Plaintiff resorts to citing cases decided well before (60 years before, in fact) the Supreme Court's decision in *Iqbal* in order to find some support for his

argument. Plaintiff does this, notwithstanding the fact that this Court already ruled that his original Complaint failed to plead sufficient factual matter demonstrating circumstances giving rise to an inference of discrimination. "Nouri's allegations concerning Defendants' allegedly discriminatory conduct, including the emails, are insufficient to give rise to an inference of discrimination related to the reason for his termination." Memorandum Opinion at p. 9 (Doc. 35). With respect to his retaliation claim, this Court held that he failed to allege facts demonstrating a causal connection between the alleged discriminatory activity and the reasons for his termination.

Plaintiff does not even attempt to refute Defendants' argument that Plaintiff failed to allege facts in the Amended Complaint that show circumstances giving rise to an inference of discrimination, or a "causal nexus." Instead, he merely rehashes, repeatedly, the same arguments regarding the pleading standard that were already rejected by this Court. Plaintiff argues that because he has alleged employment discrimination, the Supreme Court's decision in *Iqbal* does not apply. However, this conclusion is contrary to established precedent. The United States Supreme Court ruled in *Iqbal* that its holding in *Twombly* applies with equal force to **all civil actions,** regardless of whether the complaint sounds in antitrust, discrimination, or otherwise. "Though *Twombly* determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and

-4-

application of Rule 8. … That Rule in turns governs the pleading standard 'in all civil actions and proceedings in the United States district courts.'… Our decision in *Twombly* expounded the pleading standard for 'all civil actions,'… **and it applies to antitrust and discrimination suits alike.**" *Iqbal*, 129 S.Ct. at 1953 (internal citations omitted)(emphasis added).

In addition, the Third Circuit Court of Appeals specifically ruled that *Iqbal* applies to employment discrimination claims in the case of *Fowler v. UPMC Shadyside,* 578 F. 3d 203 (3d Cir. 2009). In *Fowler*, the Court of Appeals held that a complaint which offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Fowler*, 578 F.3d at 210. *Fowler* remains the law of this Circuit, and the Third Circuit continues to require that an employment discrimination complaint "show" entitlement to relief with its facts, rather than merely allege the entitlement to relief. *Williams v. Temple Univ. Hosp.*, 2010 WL 4540328 (3d Cir. 2010), *citing Fowler*, 578 F.3d at 211. Plaintiff's arguments are contrary to current controlling law, and the cases he cites do not in fact hold what he claims. For example, Plaintiff cites the case of *Guirguis v. Movers Specialty Services, Inc.,* 246 Fed. Appx. 774, 2009 WL 3041992 (3d Cir. 2009) for the proposition that an employment discrimination claim is not held to the *Twombly/Iqbal* pleading standard, when in fact, in that case, the Third Circuit affirmed the Rule 12(b)(6) dismissal of a national origin

discrimination claim. In *Guirguis,* the court held that the employment discrimination plaintiff's complaint was inadequate to raise a plausible right to relief, and cited *Iqbal* for the proposition that "the pleading's factual content must independently 'permit the court to infer more than the mere possibility of misconduct.'" *Guirguis*, 2009 WL 3041992 at * 2.

Plaintiff does nothing more in his Brief than to assure the Court that his Amended Complaint is sufficient, without identifying any specific factual allegations. For example, in the opening Brief, Defendants argued that Plaintiff's Amended Complaint fails to allege any additional facts to support a retaliation claim, despite this Court's dismissal of Plaintiff's retaliation claim. "We find that Nouri has failed to plead facts demonstrating that the retaliatory animus he experienced was causally connected to his adverse employment action." Memorandum and Order, p. 14 (Doct. 35). Plaintiff does not even attempt to refute Defendants' argument; instead, he focuses on the issue of lack of temporal proximity. While it is true that the seven year gap between Plaintiff's first lawsuit against PSU and his termination for plagiarism is troubling, that was not by any means Defendants' only argument regarding the deficiency of his retaliation claim.[1]

---

[1] Plaintiff does not even attempt to refute Defendants' arguments regarding the insufficiency of his hostile work environment claim. While the doctrine of *res judicata* only applied to a specific temporal portion of Plaintiff's hostile work environment claim, the Court's reliance on

The only factual averment that Plaintiff references regarding his Title VII claim is the e-mail, which this Court has already ruled to be insufficient to give rise to an inference of discrimination. "However, Nouri's allegations concerning Defendants' allegedly discriminatory conduct, including the emails, are insufficient to give rise to an inference of discrimination related to the reason for his termination." Memorandum and Order, p. 9, (Doc. 35). In addition, he is unable to set forth any specific factual allegations with regard to the individually named Defendants. Instead, he merely states, "where the circumstances indicate the involvement of a particular defendant, he has identified it." Doct. 47, p. 11. However, Plaintiff's Complaint merely refers in a general fashion to the Defendants without identifying even a single action taken by any of the individually named Defendants, with the exception of James Horne, who was not even employed by PSU, and who is not alleged to have done anything unlawful within the statute of limitations.[2] Thus, Nouri has not provided fair notice to any of the Defendants as to what, if anything, they are alleged to have done that could support his conclusory assertion that he has been the victim of illegal discrimination or retaliation.

---

*Iqbal/Twombly* to dismiss Plaintiff's Title VII claim was inclusive of all aspects of the claim, including hostile work environment.

[2] Plaintiff's only response to Defendants' argument that Horne's conduct cannot be attributable to PSU under Title VII is to state that this makes him a "conspirator" under Section 1981. The problem with this argument is that Plaintiff's Section 1981 conspiracy claim has already been dismissed with prejudice. Memorandum and Order, p. 30. (Doc. 35).

At this junction, Plaintiff has not requested the opportunity to re-plead yet again. In any event, there is no reason to do so. He has already been given the opportunity to plead specific facts, and the Court has provided him with specific instructions in this regard. Plaintiff has failed to do so. Thus, Plaintiff has not provided any reason to believe that he would in fact be able to supply factual allegations beyond the mere "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" which were held by the Supreme Court to be insufficient in *Iqbal*.

With respect to Defendants' Section 1981 argument, Nouri's Amended Complaint continues to rely upon vague allegations against "defendants" as a group, instead of identifying anything that any one defendant was supposed to have done. As discussed in Defendants' opening Brief, an actionable claim under Section 1981 against individual defendants must allege personal involvement by the defendants. ***Johnson v. Resources for Human Development***, 843 F. Supp. 974, 978 (E.D. Pa. 1994)("Noticeably absent from the complaint in this case are *any* allegations that either of the individual defendants were personally involved with or engaged in the alleged discriminatory actions…. Inasmuch as there is thus no affirmative link to causally connect these defendants with the actions complained of, defendants' motion to dismiss the individual defendants from Count I must be granted"). Plaintiff's brief offers no additional facts, but instead

falls back on the "bald assertions and legal conclusions" that are insufficient under *Iqbal*. As Plaintiff has failed to identify any factual allegations to support his claim, it would be an exercise in futility to allow him to amend his Complaint.

> **B.  Plaintiff is wrong as a matter of law with respect to § 1981 claims based on national origin alone.**

Plaintiff's argument that § 1981 permits claims based solely on national origin (Plaintiff's Brief at pp. 12-13, Doct. 47) is contrary to the law. Section 1981 claims based on national origin alone cannot withstand a motion to dismiss. Plaintiff's reliance on *St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604 (1987) is misplaced, as the Supreme Court held that if a plaintiff "can prove that he was subjected to intentional discrimination based on the fact that he was born an Arab, *rather than solely on the place or nation of his origin*, or his religion, he will have made out a case under § 1981." *Id.* at 613 (emphasis added). Here, Plaintiff does not argue that his § 1981 claim is based on anything other than his place of birth, and therefore it must be dismissed. *Bennun v. Rutgers State Univ.*, 941 F.2d 154, 172 (3d Cir. 1991)(a claim that "rest[s] solely on national origin… would not be sufficient for a § 1981 claim under *Al-Khazraji*."). *See also*, *Mulholland v. Classic Management, Inc.*, 2010 WL 2470834 at *2-3 (E.D. Pa. 2010)(Ex. B)(holding that § 1981 claims based on national origin alone are not cognizable).

Moreover, as Defendants argued in the opening Brief, Plaintiff has failed to allege any facts supporting the conclusion that Plaintiff was subject to

discrimination on the basis of "race." Under *Iqbal/Twombly*, legal conclusions are not entitled to any presumption of truthfulness. *Mulholland v. Classic Management, Inc.*, 2010 WL WL 2470834 (E.D. Pa. 2010)(boilerplate references to "race" held insufficient under *Twombly* to raise plausible race discrimination claim under § 1981); *Tavarez v. Township of Egg Harbor*, 2010 WL 2540094 at *4 (D.N.J. 2010)(allegation that defendant's failure to promote plaintiff was based on race held to be legal conclusion which is insufficient under *Twombly*.) Plaintiff's Brief does not attempt to refute this argument, instead, he merely points to the fact that his Amended Complaint references the fact that he is Persian. However, Plaintiff's original Complaint also stated that he is Persian (Complaint, ¶ 7), but his Section 1981 claim was nevertheless dismissed since he failed to allege any facts supporting a race discrimination claim. Neither the Complaint nor the Amended Complaint make any factual allegation asserting that Defendants discriminated against Plaintiff because he is Persian. Just stating that he is Persian, and then making the bald conclusion that Defendants discrimination because of "race" is not sufficient to survive a Rule 12(b)(6) motion under the Supreme Court's decisions in *Iqbal* and *Twombly*.

Plaintiff was already given the opportunity to address this deficiency, but he could not do so. "Here, Nouri's complaint alleges that he was discriminated against because he is a 'Muslim from Iran,' not that he was discriminated against on the

basis of race… Therefore, we find that Nouri's complaint fails to adequately plead a cause of action under §1981 because he fails to plead facts alleging discrimination on the basis of race." Memorandum and Order, p. 21 (Doct. 35). Despite being given the benefit of the Court's clear instruction as to the reason Plaintiff's claim was deficient and dismissed, Plaintiff still did not allege any facts to support a claim of race discrimination. Plaintiff's claim alleging violation of Section 1981 should accordingly be dismissed with prejudice as against all Defendants.

### C. Counts 2 remains untimely.

Apart from the fact that Plaintiff's Section 1981 claim should be dismissed for failure to allege facts demonstrating race discrimination, it is also subject to dismissal for the additional reason that it is time-barred. Plaintiff continues to argue that the doctrine of equitable estoppel should apply to salvage his time-barred Section 1981 claim, despite the fact that this Court has already rejected that argument. Most troubling is that he continues to repeat the demonstrably false assertions that Nouri only learned of the existence of § 1981 when he contacted his most recent attorney, despite the fact that he *already sued PSU for violation of Section 1981* in his prior discrimination complaint.

### 1. Plaintiff's alleged ignorance of the law cannot excuse his long delay in bringing this action.

Plaintiff has previously admitted that his claim under § 1981 is untimely, but asks that this transgression be overlooked on equitable tolling grounds. It is well-established that federal courts should invoke the equitable tolling doctrine 'only sparingly.' **Santos v. United States**, 559 F.3d 189, 197 (3d Cir. 2009); **United States v. Midgley**, 142 F.3d 174, 179 (3d Cir.1999) (*quoting* **Irwin v. Dep't of Veterans Affairs**, 498 U.S. 89, 96, 111 S.Ct. 453(1990)). As a matter of law, Plaintiff's ignorance of the possible legal theories or procedures available to him (even if true) does not warrant equitable tolling of the applicable statutes of limitations. **School Dist. of Allentown v. Marshall**, 567 F.2d 16, 21 (3d Cir.1981) (rejecting ignorance of law as basis for equitable tolling).

In addition, the court cannot even consider equitably tolling the statute of limitations unless the plaintiff exercised due diligence in pursuing his claim. Plaintiff, who has been a serial litigant since 1997, has allowed these claims arising out of his termination in 2004 to lay dormant for over *six years*. He has no excuse for doing so and this Court need not extend him any extraordinary consideration. "Equity aids the vigilant, not those who rest on their rights." **Valenti v. Mitchell**, 962 F.2d 288, 2999 (3d Cir.1992) (*quoting* **Int'l Union, UAW v. Mack Trucks, Inc**., 820 F.2d 91, 95 (3d Cir.1987)).

### 2. Plaintiff is ineligible for equitable relief, as he does not come to the Court with the requisite clean hands.

As noted already, Nouri's claim of ignorance, even if relevant, is demonstrably false, and he has persisted in making these false statements to the Court even after being put on notice as to their falsity. In the Memorandum and Order, this Court noted that Plaintiff's 2001 complaint against PSU contained a count alleging violation of the Civil Rights Act of 1866, 42 U.S.C. §1981. Memorandum and Order, p. 16, n. 2 (Doct. 35). However, in his Brief, Plaintiff persists in his assertion that prior to consulting with his current counsel, "Dr. Nouri was unaware of the application to the instant facts of statutory rights other than Title VII and the PHRA." Doct. 47, p. 13. Given that he already sued PSU for violation of Section 1981, his plea that he did not know of such a cause of action is, for lack of a better word, a lie. In any event, Dr. Nouri's multiple previous claims and lawsuits against PSU discount any argument that he is entitled to equitable relief. *See* **Robinson v. Dalton**, 107 F.3d 1018, 1023 (3d Cir. 1997)(in refusing to grant equitable relief, court noted that plaintiff "was not inexperienced in the procedures required to maintain a discrimination complaint, having already filed three such complaints" and held that plaintiff showed lack of due diligence which is a condition for equitable tolling).

Plaintiff asks this Court for an equitable remedy when he has failed to satisfy a threshold requirement for such a request: that he come to the Court with

7239855v.1

clean hands. *Monsanto Co. v. Rohm & Haas Co.*, 456 F.2d 592, 598 (3d Cir. 1972); *Estate of Aiello*, 2010 Pa Super. 52, 993 A.2d 283, 288, (Pa. Super. 2010). "He who seeks equity must do equity." *Aiello,* 998 A.2d at 288, *quoting* *Mudd v. Nosker Lumber, Inc.*, 443 Pa. Super. 483, 662 A.2d 660, 663 (1995). Plaintiff's lack of candor to this tribunal in this and earlier filings renders him ineligible for any equitable relief, and casts serious doubt as to his credibility in all respects. "Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of the maxim…." *Monsanto*, 456 F.2d at 598.

### 3. Plaintiff's argument that there has been no prejudice to Defendants because of the delay in filing is without merit.

Plaintiff asserts that because Defendant presumably has not been prejudiced by his six year delay in bringing this action, his extreme tardiness should be excused. However, the Supreme Court rejected that "no harm, no foul" argument more than twenty-five years ago, in *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 104 S.Ct. 1723(1984): "Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedure … experience teaches that strict adherence to the procedural

requirements specified by the legislature is the best guarantee of evenhanded administration of the law." 466 U.S. at 152.

### 4. The continuing violation doctrine cannot save Plaintiff's untimely Section 1981 claim.

In Defendants' opening Brief, Defendants argued that Plaintiff's termination of employment is a discrete act that cannot form the basis for the application of the continuing violation doctrine, and Plaintiff does not dispute this. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). *Morgan* established a "bright-line distinction between discrete acts, which are individually actionable, and acts which are not individually actionable but may be aggregated to make out a hostile work environment claim." *O'Connor v. City of Newark*, 440 F. 3d 125, 127 (3d Cir. 2006), *citing Morgan*, 536 U.S. at 113. Any discrete discriminatory acts that fall outside the statute of limitations are time-barred even though they may relate to other discrete acts that fall within the statute of limitations. *Carlisi v. Metro. Water Reclamation Dist. Of Greater Chicago,* 2010 WL 4628680 at *4 (N.D. Ill. 2010)*, citing Morgan*, 536 U.S. at 112-13, 114. Thus, to the extent that Plaintiff argues that his termination of employment is a violation of Section 1981, that claim is indisputably time-barred.

In addition, Defendants cited numerous cases holding that post-termination negative references are also discrete acts for purposes of the continuing violation

doctrine, and again, Plaintiff does not and cannot cite any authority to the contrary. ***Thompson v. White***, 67 Fed. Appx. 355, 2003 WL 21212681 (7th Cir. 2008); ***Bascom v. Fried***, 2008 WL 905210 (E.D.N.Y. 2008). Recognizing that there is no legal support for the applicability of the continuing violation doctrine to his claim, Plaintiff instead attempts to distinguish the cases cited by Defendants, and argues that his claim somehow involves more than negative references. However Plaintiff chooses to characterize the conduct, the fact remains that he is alleging a retaliatory negative employment reference. Post-termination retaliatory references are deemed discrete acts of discrimination, and therefore such conduct is not subject to the continuing violation doctrine. In the case of ***Thompson v. White***, 67 Fed. Appx. 355, 2003 WL 21212681 (7th Cir. 2008), the Seventh Circuit Court of Appeals held that negative employment references each constituted a discrete act of discrimination, and were therefore time-barred. The plaintiff had argued that he sought employment with various federal agencies but was unsuccessful, and so he accused his former employer of giving him negative references. The court held that the plaintiff could have sued for the allegedly retaliatory employment references when they occurred; he did not need to wait for a pattern of retaliation to unfold. Therefore, the continuing violation doctrine did not apply to these discrete acts of discrimination. ***Thompson***, 67 Fed. Appx. at 357.

Moreover, as stated in Defendants' opening Brief, a "hostile work environment," by its very definition, cannot exist outside of the workplace. There can be no hostile work environment claim once employment has terminated. "The Court fails to see how an act taken by an employer *after* the employee has been terminated could contribute to a hostile work environment for that employee." *Carlisi*, 2010 WL 4628680 at *5. Plaintiff does not make any argument refuting the validity of the *Carlisi* analysis, nor does he cite a single case holding that a hostile work environment can exist once the employment relationship has ended. His claim for violation of Section 1981 is time-barred, and the continuing violation doctrine does not apply.

### III. CONCLUSION

For all the foregoing reasons, and for the reasons set forth in Defendants' opening Motion and Brief, Defendants respectfully request that this Honorable

Court dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted under F.R.C.P. 12(b)(6).

        Respectfully submitted,

        **WHITE AND WILLIAMS LLP**

By:   /s/ Debbie Rodman Sandler_____
       Debbie Rodman Sandler (PA 41053)
       Tanya A. Salgado (PA 78604)
       1650 Market Street, Suite 1800
       Philadelphia, PA 19103-7395
       215-864-6203/6368
       215-789-7603/7671 (fax)
       sandlerd@whiteandwilliams.com
       salgadot@whiteandwilliams.com
       Attorneys for Defendants

Dated: February 17, 2011

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOHAMAD NOURI,<br>   Plaintiff,<br><br> v.<br><br>PENNSYLVANIA STATE UNIVERSITY, RODNEY ERICKSON, MARY HINES, JEFFREY SENESE, GARY MULLEN, ROBERT SECOR, MARTY SLANN, and JAMES HORNE<br>   Defendants. | CIVIL ACTION NO. 4:10-cv-00934-JEJ |

## CERTIFICATE OF SERVICE

I, Debbie Rodman Sandler, Esq., do hereby certify that on this 17th day of February, 2011, I caused a true and correct copy of the attached Defendants' Reply Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint to be served, by means of the electronic filing system of the United States District Court for the Middle District of Pennsylvania upon the following counsel of record:

      Frank J. Conley, Esq.
      The Conley Firm
    7715 Crittenden Street, Suite 113
      Philadelphia, PA 19118

            /s/ Debbie Rodman Sandler
            Debbie Rodman Sandler

7239855v.1