UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOHAMAD NOURI, | : | Civil No. 4:10-CV-00934 |
| Plaintiff, | : | |
| v. | : | (Judge Brann) |
| | : | (Magistrate Judge Saporito) |
| PENNSYLVANIA STATE UNIVERSITY, | : | |
| Defendant. | : | |

# **REPORT and RECOMMENDATION**

This matter is before the court on the plaintiff's appeal in opposition to the Clerk's taxation of costs. (Doc. 125).

## I. *Background*

Mohamad Nouri commenced this action by the filing of a complaint on April 30, 2010, against the defendants. One count remained from Nouri's amended complaint (Doc. 37): an allegation of a violation of Title VII of the Civil Rights Act against the defendant, Pennsylvania State University ("PSU"). Plaintiff alleged retaliation based upon his complaints and lawsuits filed against PSU, national origin and religious discrimination, as well as a hostile work environment.

PSU moved for summary judgment following the close of discovery. PSU's motion was granted on July 2, 2015, and judgment was entered in favor of PSU on the remaining claim of the amended complaint. *See Nouri v. Penn State University*, 2015 WL 4066942, *1 (M.D. Pa. July 2, 2015). Nouri appealed to the Third Circuit which dismissed the appeal for failure to timely prosecute on October 21, 2015. (Doc. 122).

Thereafter, PSU filed a bill of costs requesting the Clerk to tax costs against Nouri in the amount of $3,968.13. (Doc. 119). The Clerk entered judgment taxing costs in favor of PSU and against Nouri in the amount of $3,943.13. (Doc. 123). Nouri filed an appeal in opposition to the defendant's bill of costs on January 7, 2016. (Doc. 125). PSU was directed to file a response to Nouri's objections (Doc. 128), which it did on February 23, 2017. (Doc. 129). Nouri's appeal of the Clerk's taxation of costs is ripe for disposition.

II. *Legal Standards*

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the

prevailing party."  This rule creates a "strong presumption" that a district court should award costs to the prevailing party, and when denying costs to a prevailing party, district courts must give an explanation.  *Reger v. The Nemours Found., Inc.,* 599 F.3d 285, 288 (3d Cir. 2010).  The denial of costs to the prevailing party is typically a penalty for "needlessly bringing or prolonging litigation." *Institutionalized Juveniles v. Sec'y of Pub. Welfare,* 758 F.2d 897, 926 (3d Cir. 1985) (quoting *Chicago Sugar Co. v. American Sugar Refining Co.,* 175 F.2d 1, 11 (7th Cir. 1949), *cert. denied*, 338 U.S. 948 (1950)).  A party's limited success, taken alone, does not justify denial of costs. *Id.*

The Third Circuit has held:

> that a district court may consider the following factors in reviewing a clerk of court's costs award: (1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them. In contrast, a district court may not consider (1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a

3

> reason not to reduce costs); (2) the complexity or closeness of the issues—in and of themselves—in the underlying litigation; or (3) the relative disparities in wealth between the parties. Again, the presumption is that costs, as defined by the relevant statutes and case law, will be awarded in full measure. Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party.

In re Paoli R.R. PCB Litig., 221 F.3d 449, 468 (3d Cir. 2000).

### III. *Discussion*

First, Nouri contends that taxation of costs is unjust because Nouri is unable to pay. (Doc. 125, at 2). The losing party bears the burden of making the showing that an award of costs is inequitable under the circumstances. *Id.* 221 F.3d at 463-63. He points to his inability to secure employment in academia shortly after his employment was terminated after a charge of academic misconduct. (*Id.*). He also contends that his 2002 bankruptcy filing and his allegation that he has not had significant earnings in the last several years justify granting his appeal. (*Id.*). Finally, he claims he has no monthly income other than his social security

4

benefits, and he has been unable to secure regular, meaningful employment for years. (*Id.* at 1-2). Nouri also submitted a declaration attesting to his earnings and income over the last several years. (Doc. 125-2).

PSU argues that the mere fact that Nouri is not currently employed, does not prove that he is indigent. (Doc. 129, at 3). Further, PSU directs us to Nouri's deposition testimony where it claims that Nouri has an expectation in his mother's estate which could be valued at more than one million dollars. (*Id.*). However, upon review of the deposition transcript, Nouri was unable to confirm his interest or expectation in his late mother's estate. (Doc. 129-1, at 3). Nouri testified at his deposition that his wife earns in excess of $100,000 in her position at the World Bank. (*Id.* at 5). Nouri's wife is not a party to this action, nor does PSU seek to tax costs against her. Nevertheless, in assessing Nouri's alleged inability to pay, the Third Circuit instructed that the plaintiff's financial condition should be measured against whatever the court decides to tax against him. *In re Paoli*, 221 F.3d at 464. "Once this parsing is done, however, there are no hard and fast rules for assessing a losing party's indigency or

5

inability to pay; district courts should use their common sense in making this determination." *Id.* According to Nouri's declaration, through calender year 2014, he received approximately $1,200 per month in social security benefits. (Doc. 125-2, at 2). He has neither supplemented his declaration with more recent information, nor provided sufficient information for a proper assessment of his financial condition.

Applying the legal principles recited above to the facts as presented to us, we find that PSU, as the prevailing party, (1) did not have unclean hands; (2) did not act in bad faith; and (3) did not fail to comply with process during the course of the litigation. As far as the potential indigency of Nouri and his allegation of inability to pay costs, we note that he paid the filing fee of $350.00 on April 30, 2010. Other than his income or employment status, Nouri did not present any evidence of his efforts to secure employment. Also, he did not present us with evidence of his assets and liabilities or other indicia of his worth that would make an award of costs inequitable. Thus, the record does not establish that Nouri is unable to pay the full measure of costs.

In the alternative, Nouri maintains that he should not be responsible to pay the $25 *pro hac vice* admission fee to the U.S. District Court for the District of Delaware and the copying fees of $83.29 for the defendant's request for a copy of the PHRC case against PSU. (Doc. 125, at 3-4). The Clerk eliminated the $25 *pro hac vice* fee from the taxable costs. Under 28 U.S.C. §1920(4), the Clerk may tax "[f]ees for exemplification and the costs for making copies of any materials where the copies are necessarily obtained for use in the case." It appears reasonable to conclude based upon an examination of the record and a review of the pleadings that the PHRC file was related to Nouri's claims against PSU in this litigation.

We see no reason to depart from the rule that the prevailing party is entitled to costs as no federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Thus, we recommend that the plaintiff pay the sum of $3,943.13 as reimbursable costs.

IV. *Recommendation*

Based upon the foregoing, it is RECOMMENDED that:

1. The plaintiff's appeal in opposition to the defendant's bill of costs be DENIED;

2. The plaintiff pay $3,943.13 to the defendant as taxable costs; and

3. The Clerk close this case.

*s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: April 12, 2017

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOHAMAD NOURI, | : | Civil No. 4:10-CV-00934 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Brann) |
| | : | (Magistrate Judge Saporito) |
| PENNSYLVANIA STATE | : | |
| UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |

# **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated April 12, 2017. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A

judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

*s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: April 12, 2017